# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHN DOE 16,**

                Plaintiff,

                **Case No. 10-C-346**

      -vs-

**HOLY SEE (State of the Vatican City),
JOSEPH RATZINGER, TARCISIO BERTONE,
and ANGELO SODANO,**

                Defendants.

## DECISION AND ORDER

On October 7, 2011, the Holy See simultaneously filed separate motions to dismiss for lack of jurisdiction and for failure to state a claim. The Rule 12(b)(1) motion raises issues under the Foreign Sovereign Immunities Act. The Rule 12(b)(6) motion argues, at least in part, that the claims are time-barred. Relying on *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998), plaintiff now moves to "sequence" the defenses, such that he can delay filing his response to the 12(b)(6) motion until after the Court decides (and presumably denies) the jurisdictional motion. "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power . . . and is inflexible and without exception." *Id.* at 94-95.

Despite the holding in *Steel Co.*, nothing prevents this Court from deciding both of these motions at the same time, *Lee v. City of Chi.*, 330 F.3d 456, 459-71 (7th Cir. 2003), or

in whatever order it prefers. *Floyd v. Thompson*, 227 F.3d 1029, 1035 (7th Cir. 2000); *Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 477 (6th Cir. 2006). Indeed, one court observed that the "sensible course" and the one that "conforms to both common sense and congressional intent" is to resolve the merits issue *before* the FSIA issue. *Chalabi v. Hashemite Kingdom of Jordan*, 543 F.3d 725, 729 (D.C. Cir. 2008). "*Steel Co.* requires that we prioritize the jurisdictional issue only when the existence of *Article III* jurisdiction is in doubt. . . . There is no Article III question here: Jordan's claim of immunity concerns only the limits of our statutory jurisdiction under the [FSIA]." *Id.* at 728 (emphasis added).

As a matter of judicial economy, the Court prefers that both issues be briefed at the same time. The issues are certainly complex but the plaintiff has already been granted numerous extensions of time to respond with respect to both motions.

Accordingly, **IT IS HEREBY ORDERED THAT** the Holy See's motion for leave to file excess pages [D. 41] is **GRANTED**, and the plaintiff's motion to sequence defenses [D. 39] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
